IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00191-DDD-CYC

HAIBING MA, and
JIHONG CHEN,

    Plaintiffs,

v.

AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY,

    Defendant.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiffs Haibing Ma and Jihong Chen move to exclude the rebuttal expert report of Dr. Bruce Kelman disclosed by defendant American National Property and Casualty Company, contending that it is an affirmative expert report in disguise. ECF No. 28. Because the plaintiffs rely on a legal theory that has some support in the case law but rests on a shaky foundation, the Court denies their motion. The defendant moves to exclude an amended expert report of Dawn Bolstad-Johnson disclosed by the plaintiffs, characterizing it as untimely, improper supplementation. ECF No. 30. Because that characterization is correct in part and because the plaintiffs do not demonstrate the late disclosure to be harmless or substantially justified, the Court grants the defendant's motion in part.

## BACKGROUND

    On December 26, 2023, the plaintiffs sued the defendant in state court, alleging that it undercompensated them for smoke and fire particulate damage to a property they owned and the defendant insured. ECF No. 4 at 1; *id*. ¶¶ 6–8, 101–119. The complaint recounted a long history

of inspections, repairs, and conflicting reports, including ones by J.S. Held, whom the defendant contracted to inspect the property, and by Kaizen Safety Solutions ("Kaizen"), who inspected the property for the plaintiffs, in the months before the complaint's filing. *Id.* ¶¶ 22–88. Four weeks after this case began, the defendant removed it to federal court. ECF No. 1.

In due course, the Court entered a Scheduling Order, ECF No. 14; *see* Fed. R. Civ. P. 16(b)(1), which required the designation of affirmative and rebuttal experts by September 10 and October 10, 2024, respectively. *Id.* at 8. At the September deadline, the plaintiffs disclosed Ms. Bolstad-Johnson as an expert in industrial hygiene, along with the October 2023 report she authored for the plaintiffs as the principal member of Kaizen containing her observations, methodology, inspection results, and recommendations for remediation at the property. ECF No. 28-2 at 1–92. The defendants disclosed their intent to call Dr. Kelman, a toxicologist, as a rebuttal witness at the October deadline and disclosed a report he authored criticizing Ms. Bolstad-Johnson's methodology and findings. ECF No. 28-1 at 1–14. Later that day, the plaintiffs disclosed a supplemental report from Ms. Bolstad-Johnson. ECF Nos. 30-4, 30-5.

These motions followed, ECF Nos. 28, 30, and the presiding district judge subsequently referred them to the assigned magistrate judge. ECF Nos. 29, 33.

## ANALYSIS

Both parties' motions facially purport to request that the other's expert report be stricken. ECF Nos. 28, 30. More precisely, they are "moving for discovery sanctions under Rule 37, and such motions are commonly titled as motions to strike or exclude." *Est. of Taschek v. Fidelity Life Ass'n*, 740 F. Supp. 3d 1072, 1080 (D. Nev. 2024). But the nomenclature of "striking" an expert report sometimes causes confusion, since "a motion to strike under Rule 12(f) applies to pleadings filed with the Court," *Dees v. Davis*, No. 1:22-cv-00163-HAB-SLC, 2023 WL 5411166, at *1 n.1 (N.D. Ind. Aug. 22, 2023), and therefore "[w]ith respect to expert

reports . . . motions to strike are inapplicable." *Maxum Indem. Co. v. Drive W. Ins. Servs. Inc./Mulberry Ins. Servs.*, No. 1:13-cv-191, 2014 WL 12653865, at *2 (S.D. Ohio June 13, 2014). Instead, "the more accurate vehicles for bringing challenges to expert testimony are a motion to exclude if summary judgment is approaching, or a motion in limine if trial is approaching." *Holleman v. Wexford of Ind., LLC*, No. 2:19-cv-00366-JPH-MG, 2021 WL 12307378, at *1 n.2 (S.D. Ind. Sept. 29, 2021); *accord Paige Int'l, Inc. v. XL Specialty Ins. Co.*, Civ. No. 14-1244 (JEB), 2016 WL 3024008, at *2 (D.D.C. May 26, 2016) (teaching that motions to strike expert disclosures "are better characterized as motions *in limine* to exclude" expert "testimony"); *Erickson v. Ford Motor Co.*, No. CV 04-88-BU-RWA, 2006 WL 8435814, at *1 (D. Mont. Feb. 14, 2006) (noting that motion to strike "may technically be mistitled" but "may be construed as a motion in limine to exclude expert testimony"). The Court therefore construes each motion as a motion to exclude.

So construed, the motions' foundation begins with Federal Rule of Civil Procedure 26. A party wishing to present expert testimony must disclose the identity of the expert witness, Fed. R. Civ. P. 26(a)(2)(A), along with a written report "prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders," Fed. R. Civ. P. 26(a)(2)(D); if no such order exists, affirmative experts must be disclosed "at least 90 days before the date set for trial or for the case to be ready for trial" and rebuttal experts 30 days thereafter. Fed. R. Civ. P. 26(a)(2)(D)(i)–(ii). Each party contends that the other's disclosure came later than the Scheduling Order permitted in this case. *See* ECF No. 18. Because "a party" who "fails to provide information or identify a witness as required by Rule

3

26(a). . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1), each party argues that the other's late disclosure of a report precludes its use.

### I.   Motion To Exclude Dr. Kelman's Report

The plaintiffs, for instance, contend that Dr. Kelman's report, while styled as a rebuttal report and disclosed at the October rebuttal-expert deadline, was actually an affirmative expert's report and therefore should have been disclosed in September. ECF No. 28 at 5–6. While the argument has some support in the case law, it ultimately requires something that the Federal Rules do not.

A rebuttal expert is one whose "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" in their affirmative expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). On its face, the Kelman report appears to meet those criteria. Ms. Bolstad-Johnson's initial report, for instance, opined that "every porous material" in the property was "presumed to be contaminated" with certain "gases identified in the living spaces and a coating of smoke, soot, char, or ash." ECF No. 28-2 at 88. She recommended further that certain building materials be replaced because, among other things, they had "chemical contamination" and "tested positive for toxic fire emissions." *Id.* at 88–89. And while there is "no caselaw that requires a rebuttal expert to directly cite the adverse party's expert reports," *Pantaleo v. Hayes*, No. 08 C 6419, 2011 WL 2517265, at *2 (N.D. Ill. June 23, 2011), the bulk of the Kelman report specifically cites to and explicitly critiques the initial Bolstad-Johnson report's conclusions of contamination and toxicity. *See* ECF No. 28-1 at 7–14. The report therefore intends on its face to contradict Ms. Bolstad-Johnson's evidence and to address the same subject matter she covered.

Nor do the plaintiffs contend otherwise. Instead, noting that courts have held that "[i]f the purpose of expert testimony is to contradict *an expected and anticipated portion* of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one," *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. Apr. 21, 2016) (quoting *Amos v. Makita U.S.A.,* No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011)), the plaintiffs complain that the defendant knew all along that Ms. Bolstad-Johnson's conclusions would be part of their case and, accordingly, should have disclosed Dr. Kelman's report contesting those conclusions at the affirmative-expert disclosure deadline. ECF No. 28 at 5–6.

The argument has some superficial appeal. The plaintiffs specifically alleged that they had sent Ms. Bolstad-Johnson's report to the defendant multiple times, ECF No. 4 ¶¶ 80, 82, 84, and their complaint implies a reliance on her findings for their alleged damages. *See id.* ¶¶ 76–96. And *Spring Creek* as well as *Amos*, the case it cited, do not stand alone but instead rest within "a line of cases that suggest an expert who addresses an expected and anticipated portion of the other party's case-in-chief is not a rebuttal expert." *Ruiz v. Walmart Inc.*, No. CV 20-01129-RAO, 2021 WL 945241, at *2 (C.D. Cal. Jan. 22, 2021) (collecting cases). If that were the last word, it might entitle the plaintiffs to their requested relief.

It is not. "[A]nother line of cases has disagreed with this view." *Id.* That line has noted that "the *Amos* court's sweeping declarations of timing and appropriate disclosure of rebuttal witnesses came from citation to a case, *In re Apex Oil Co.*, 958 F.2d 243 (8th Cir. 1992), where testimony was offered for the first time at trial — not at the rebuttal deadline for expert witness reports." *TCL Commc'ns Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, Consol. Nos. SACV 14-00341 JVS (Anx) & CV 15-02370 JVS, 2016 WL 7042085, at *3 (C.D. Cal. Aug. 17,

5

2016). The defendant's knowledge of the case-in-chief "matter[s] at trial because rebuttal witnesses, whether expert or percipient, generally need not be disclosed in advance of trial" and, thus, in that context, a rule excluding obviously foreseeable rebuttal witnesses "ensure[s] that a party does not suffer prejudice from a surprise witness disclosed near the end of trial." *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014). "By contrast, rebuttal expert disclosures are expected, by default, to come at least 60 days before trial," mitigating the surprise factor animating the language *Amos* quoted. *Id.* at *4. Thus, the foundation of the *Amos* cases is built on sand.

Of course, the questionable provenance of *Spring Creek*'s language alone does not prove its opposite. But that position is grounded in solid reasoning. To start, "[n]othing in the text" of Rule 26 "prohibits a party from contradicting or rebutting another party's expert report simply because the report addresses an expected topic." *U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 339 F.R.D. 579, 581 (W.D. Wash. 2021) (citing *Theoharis*, 2014 WL 3563386, at *3). In addition, the advisory committee has indicated that "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue," *id.* (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment), and "[i]t would be odd for the advisory committee to" so "conclude . . . while simultaneously endorsing a rule prohibiting the parties from following this approach in the majority of cases because the parties know the elements of the plaintiff's claims from the outset." *Id.* And "[s]equencing the expert disclosures to require the party with the burden of proof to disclose first allows a defendant to avoid the expense of hiring an expert when it is not necessary because the plaintiff cannot meet his or her burden of proof," which "is most likely 'to secure the just, speedy, and inexpensive determination of every action'"

6

by "conserving resources" in applicable cases. *Id.* at 581–82 (quoting Fed. R. Civ. P. 1). "In sum, the approach in *Theoharis* is most consistent with the text of the Rule, the advisory committee's notes, and purpose of the Federal Rules." *Id.* at 582. It is no wonder then that courts, when presented with a choice between the approaches of *Amos* and *Theoharis*, consistently choose the latter. *See, e.g.*, *id.*; *TCL Commc'ns*, 2016 WL 7042085, at *4 ("This Court disagrees with *Amos* and agrees, instead, with the court in *Theoharis* . . . ."); *Specter v. Tex. Turbine Conversions, Inc.*, No. 3:17-CV-00194-TMB, 2020 WL 7234369, at *6 (D. Alaska Dec. 8, 2020) ("The Court agrees and finds the reasoning in *T[CL]* and *Theoharis* that Rule 26 does not support a blanket prohibition on rebuttal testimony that addresses an anticipated portion of an opposing party's case to be compelling.").

In short, Rule 26's text does not require an expert disclosure to be affirmative simply because the topic is known to the defendant in advance, and the Court declines to graft such a requirement onto the rule.

The plaintiffs have a final plaint. Because the defendant surprised them with the Kelman report at the rebuttal deadline, they say, it unfairly robs them of the chance for a rebuttal to that report. ECF No. 28 at 6-7. The precise legal grounds for this argument are unclear: surprise itself, of course, is no reason to exclude an expert report. To the extent the protest is rooted in Dr. Kelman's being a toxicologist instead of an industrial hygienist, "there is no requirement that a rebuttal witness's area of expertise match the area of expertise of the opposing party's initial expert." *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 3583002, at *6 (S.D. Fla. July 26, 2018); *see Armstrong v. I-Behavior, Inc.*, No. 11-cv-03340-WJM-BNB, 2013 WL 2419794, at *3–4 (D. Colo. June 3, 2013) (permitting qualitative rebuttal "from a vocational evaluation perspective" to quantitative expert report from "an economic perspective"). Nor is

this a case where the defendant "disclos[ed] all of its experts as rebuttal experts" and "[n]othing in" those "report[s] purport[ed] to respond to opinions offered by Plaintiff's . . . experts" such that it smacks of "trial by ambush." *Carroll v. Allstate Fire & Cas. Ins. Co.*, No. 12-cv-7-WJM-KLM, 2013 WL 12426586, at *1, 3 (D. Colo. Oct. 4, 2013). To the extent the Kelman report came as a surprise, then, it is not one that the Federal Rules recognize as being so unfair as to require exclusion. The plaintiffs' motion is therefore denied.

## II.     Motion To Exclude Ms. Bolstad-Johnson's Amended Report

For its part, the defendant challenges Ms. Bolstad-Johnson's amended report, disclosed at the rebuttal-expert disclosure deadline. That report, it says, was no rebuttal at all, nor was it a proper supplement under Federal Rule of Civil Procedure 26(e). ECF No. 30 at 4–9. The plaintiffs make no attempt to defend the report as a rebuttal, instead contending that it was a proper Rule 26(e) supplement and therefore timely. In all events, they say, there is no prejudice from its disclosure. ECF No. 40 at 3–8.

A party who has disclosed an expert report "must supplement . . . its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Such a supplement "must be disclosed . . . by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). "Generally, supplementation is allowed to correct inaccurate or incomplete information, but is not allowed for gamesmanship, to obtain an advantage over the opposing party, or bolster an opinion." *Ellis v. Hobbs Police Dep't*, No. 2:17-cv-01011 KWR/GBW, 2020 WL 3429788, at *2 (D.N.M. June 23, 2020). To the extent a report contains new information, "[a] plain reading of Fed. R. Civ. P. 26(e)(1) suggests that a supplemental expert report should be based upon additional or corrective

8

information that was not available at the time of the expert's original report." *Mordhorst Cleaning, LLC v. Am. Strategic Ins. Corp.*, No. 23-CV-00017-NYW-MEH, 2024 WL 4932505, at *7 (D. Colo. Dec. 2, 2024) (quoting *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4587240, at *3 (D. Colo. Oct. 15, 2008)). "A party moving to strike an expert witness under Rules 26 and 37 has the initial burden of demonstrating that the disclosing party failed to comply with Rule 26." *Id.*

According to the plaintiffs, the amended report has several changes: (1) a correction regarding an incorrect unit of measurement; (2) an expanded Executive Summary and Conclusions and Recommendations section; (3) a highlighting of the highest reading of formaldehyde; (4) two sentences summarizing findings that were in the original report; (5) organizational changes; (6) new sections with post-remediation recommendations and safety considerations for remediation; and (7) a list of sources reviewed in producing the report. ECF No. 40 at 4–5. The defendant points to changes one, two, six, and seven as Rule 26 violations. ECF No. 30 at 5; *see* ECF No. 43 at 3.

Two of these changes are proper supplementation. The original Bolstad-Johnosn report lacked a list of sources the expert reviewed, but "Rule 26 requires any documents or other sources of information" an expert "reviewed and considered in making his" report "to be disclosed, regardless of whether" the expert "relied upon that specific source." *In re Levesque*, 653 B.R. 127, 147 (Bankr. D.S.C. 2023). Disclosure of those sources, *see* ECF No. 30-5 at 94–95, appears therefore to be consistent with the obligation to correct an "incomplete" disclosure in the original report. Fed. R. Civ. P. 26(e)(1)(A). The defendant complains generally that this change is "retroactive[]," ECF No. 43 at 2, but does not attempt to explain why that alone

9

renders it improper, despite the burden resting on it to do so. *Mordhorst Cleaning*, 2024 WL 4932505, at *7. Such cursory argument cannot carry that burden.

Likewise, the unit-of-measurement adjustment appears to fall within the plaintiffs' duty to correct inaccurate information. The defendant concedes that this is "an incidental correction," but contends that it is improper because its expert opined on the topic of units of measurement. ECF No. 43 at 3. To be sure, "[i]n general, an expert report that merely corrects errors pointed out by an opposing party is not a 'supplement' within the meaning of Rule 26(e)," *Evans as Tr. For Evans v. Krook*, 680 F. Supp. 3d 1080, 1105 (D. Minn. 2023) (citing *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019)), but this is because the amended report's attempts to correct itself are often "materially altering, not merely clarifying [the] original report." *Petrone*, 940 F.3d at 434 (quoting *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013)). The defendant never argues that the unit-of-measurement adjustment is such a material alteration and, thus, it fails to carry its burden as to this portion of the amended report.

Others, though, cannot be classified as proper supplementation. In particular, the additional material in the executive summary, the Conclusions and Recommendation section, and the new sections regarding post-remediation steps and additional safety considerations all add new material to shore up the original report's opinions. The plaintiffs never argue that this new material remediates "incomplete or incorrect" information in the original report, Fed. R. Civ. P. 26(e), or that it is "based upon additional or corrective information that was not available at the time of the expert's original report." *Mordhorst Cleaning*, 2024 WL 4932505, at *7. Instead, they first emphasize that the additional material's consistency with the original report's conclusions. *See* ECF No. 40 at 3–6. But even "a consistent supplement" is proper "only if" the expert "learns the" original "report is incomplete or incorrect." *Arnold v. CNH Indus. Am., LLC*,

10

2023 WL 6312266, at *6 (D. Kan. Sept. 28, 2023). "Restating, clarifying, or bolstering an opinion doesn't fall within these narrow parameters." *Id.* They next contend that other cases excluding supplemental reports were disclosed far further past their deadlines than in this case, *see* ECF No. 40 at 4 (citing *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1167–69 (D. Colo. 2006), and *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 524–25 (D. Colo. 2003)), but courts have also excluded supplemental reports coming even "three days late." *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 190–91 (S.D. Cal. July 22, 2020). Missing a deadline by days instead of years, without more, cannot take the case outside of the ambit of a Rule 26 violation.

The question remains of whether the violation "was substantially justified or is harmless" so as to justify a sanction other than exclusion. Fed. R. Civ. P. 37(c)(1). Four "factors . . . guide" the "discretion" of a district court in that inquiry: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "[T]he party responsible for the Rule 26 violation must show that the failure was substantially justified or harmless." *Mordhorst Cleaning*, 2024 WL 4932505, at *3. The plaintiffs have not done so. Indeed, they conduct no explicit analysis of the *Woodworker's Supply* factors at all. ECF No. 40 at 6–7.

Instead, they note that the defendant could request that its own smoke-damage expert write a supplemental report in response, ECF No. 40 at 6, but the deadline for disclosure of rebuttal expert reports passed on the very day the plaintiffs disclosed the amended Bolstad-Johnson report. The defendant therefore suffers prejudice because it "will not have the

11

opportunity to develop or provide rebuttal opinions and evidence" to the newly-added material. *Mountain Valley Pipeline, LLC v. 1.30 Acres of Land*, No. 7:18-cv-0607, 2019 WL 4306981, at *6 (W.D. Va. Sept. 11, 2019). The plaintiffs also briefly indicate that the defendant could depose Ms. Bolstad-Johnson, *id.* at 7, but that "offer to make" her "available for a deposition — resulting in further expense for [the defendant] — does not cure the prejudice." *Mountain Valley Pipeline, LLC v. 8.37 Acres of Land, Owned by Terry*, No. 7:20-cv-134, 2020 WL 4810128, at *7 (W.D. Va. Aug. 18, 2020). Neither of those rationales, then, satisfy the plaintiffs' burden of showing justification or harmlessness for the Rule 26 violation, meaning that exclusion is automatic. *See* Fed. R. Civ. P. 37(c)(1).

The short of it is that much of the new material in the amended Bolstad-Johnson is the sort of "'new and improved' expert report" that courts "distinguish" from "true supplementation." *Gallagher v. S. Source Pkg'ing, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008). The plaintiffs do not demonstrate harmlessness and, given that it is their duty to do so, exclusion of the enhanced portions of the amended report, sections 1.0, 11.0, 12.0, and 13.0, must follow.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion To Strike Defendant American National Property and Casualty Company's "Rebuttal" Expert Disclosure of Dr. Bruce Kelman. ECF No. 28, is **DENIED**. The defendants' Motion To Strike Plaintiffs' Late Affirmative Expert Report, ECF No. 30, is **GRANTED in part**, and it is further **ORDERED** that sections 1.0, 11.0, 12.0, and 13.0 of the amended Bolstad-Johnson Report are **EXCLUDED**. The Court declines to award expenses caused by bringing these motions. *See* Fed. R. Civ. P. 37(c)(1)(A).

Dated this 29th day of August, 2025 at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge